UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONETTE ARMS,

       Plaintiff,

v.                                   Case No. 18-CV-1835

MILWAUKEE COUNTY
(Department on Aging),

       Defendant.

**NOTICE OF MOTION AND CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL COMPLETE RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40**

TO:    Milwaukee County
         Attorneys Ron Stadler and Jonathan Sacks
         Jackson Lewis PC
         330 E. Kilbourn Ave., Suite 560
         Milwaukee, WI 53202-3144

PLEASE TAKE NOTICE that the plaintiff, by her attorney, Brenda Lewison, hereby MOVES the court for an order compelling Defendant to provide access to personnel files.

I certify that I have attempted to resolve this issue short of filing this motion. Via telephone on or about July 31, via letter dated July 31, via telephone on August 10, and via email on August 13, counsel for the Plaintiff attempted to convince counsel for the Defendant that the County's response was deficient in that it was incomplete or, in the alternative, stipulate that there was nothing in the requested files that could be used by the Plaintiff to impeach Defendant witnesses and nothing in those files that could be used by the Defendant to impeach Plaintiff's witnesses; the Defendant's response had only provided the personnel file for the person the

1

County maintains is the appropriate comparator for Ms. Arms: Holly Davis.  Even though Plaintiff reduced the number of individuals for whom she wanted personnel files, the Defendant refused to provide any more personnel files.

The requested personnel files are the County's files regarding potential witnesses, comparators, or individuals about whom Arms may be able to develop similar acts evidence. Comparator evidence is not as limited as the County would like it to be.  In *Shelley v. Geren,* Case No. 10-35014 (9th Cir. 1/12/2012), is a failure-to-hire/promote age discrimination case.  It shows that, contrary to the County's position, the comparator data is not limited to simply the person who did not get the job (here, Arms) and the person who did get the job (here, Davis). Also see *Bobo v. United Parcel Service,* Case No. 09-6348 (6th Cir. 1/9/2012), where the court concluded that comparator evidence should not be strictly limited to employees with an exact correlation between the plaintiff and others similarly situated; indeed, the court of appeals reversed summary judgment because the circuit court had denied plaintiff's motion to compel evidence related to similarly situated employees based on an overly restrictive interpretation of caselaw regarding which employees were similarly situated.  Finally, *Coleman v. Donahoe,* 667 F.3d 835 (7th Cir. 1/6/2012), is a race and retaliation case which examines who are "similarly situated" employees.  The Seventh Circuit emphasized that it was *reiterating* that the "similarly-situated inquiry is flexible, common-sense, and factual." *Id.* at 841.  The analysis asks "'essentially, are there enough common features between the individuals to allow a meaningful comparison?'" *Id.* (citations omitted.)

Raisa Koltun was one of the persons who participated in the decision not to appoint Ms. Arms without competition, and one of the people who participated in the decision-making that led to Ms. Arms's constructive discharge.  Thomas Condella, Lisamarie Arnold, Jonathan

Janowski, Randal Kohl, Carmen Pangilinan, Mary Proctor Brown, Patricia Batemon, Bashir Easter, Beth Monrial Zatarski, and Vonda Nyang all reported to Ms. Arms; some of them will be witnesses called by Ms. Arms, and some of them may be called to defend against what Ms. Arms's witnesses have to say. Geri Lyday, Hector Colon, Maria Ledger, Jim Sullivan and Stephanie Sue Stein all were Department Directors and thus are similarly situated to Ms. Arms.

In discrimination actions, employee personnel files maintained by defendant employers are clearly discoverable. *See Ollie, et al., v. Highland School District Number 203,* 50 Wn. App. 639, 749 P.2d 757 (Ct. App. 1988) (trial verdict reversed for abuse of discretion where court denied employee-plaintiff's motion to compel production of personnel records); *Mortgage Recruiters, Inc. v. 1st Metro. Mortg. Co.,* 2003 U.S. Dist. LEXIS 10145 (N.D. Ill.) (defendant was ordered to ship personnel records from Macon, Ga., to Chicago; sanctions imposed for defendant's failure to comply with court's order). Also see *Jones v. Hamilton County Sheriff's Dep't*, 2003 U.S. Dist. LEXIS 10100 (D. Ind. 2003) (collecting cases; companies and employees have no inviolate right to privacy). Indeed, even the U.S. Supreme Court has acknowledged that employees are entitled to "broad access to an employer's records." *Wards Cove Packing Co. v. Antonio,* 490 U.S. 642, 657 (1989).

One wonders what the Defendant is trying to hide, as its refusal to provide personnel files makes no sense. County personnel files are available through Wisconsin's Open Records Law. See https://www.doj.state.wi.us/sites/default/files/office-open-government/Resources/PRL-GUIDE.pdf, at pp. 44-45.

The Court should not endorse such obstructionism by allowing it to continue. Plaintiff asks that the Court order the County to fully respond to the request for production of documents.

Dated August 20, 2020

s/ Brenda Lewison

Attorney Brenda Lewison
SBN:   1025079

Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Suite 1410
Milwaukee, WI  53203-1918
(414) 273-1040 x 14
(414) 273-4859 FAX
[lewisonlaw@yahoo.com](mailto:lewisonlaw@yahoo.com)