# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONETTE ARMS,

       Plaintiff,

v.                                    Case No. 18-CV-1835

MILWAUKEE COUNTY
(Department on Aging)

       Defendant.

## DECLARATION OF BRENDA LEWISON IN SUPPORT OF MOTION TO COMPEL RESPONSE TO PLAINTIFF'S REQUEST FOR PERSONNEL FILES

1.      I am the attorney for the Plaintiff in this matter.

2.      Defendant's initial discovery responses are attached as Exhibit 1.

3.      On or about July 31, 2020, I had a telephone conference with counsel for the Defendant, Attorneys Ron Stadler and Jonathan Sacks, to discuss deficiencies in the Defendant's discovery responses.

4.      In that discussion, I stated that some of the County's responses were incomplete; in particular, I pointed out the absolute refusal to provide County personnel files for potential witnesses was inappropriate and contrary to prevailing caselaw.

5.      Indeed, I noted that I had represented an employee who was defending against a discharge at the County Personnel Review Board (PRB) and, during that representation, I had obtained very damning information regarding one of the supervisors who participated in the decision to discharge my client, and the document and the information it provided was instrumental in convincing the PRB to reverse the discharge decision. See Exhibit 2, attached.

1

6. Attorney Stadler responded by claiming that he absolutely was not going to allow me access to any personnel files other than for Holly Davis, Ms. Arms's alleged comparator.

7. I reminded Attorney Stadler that I had offered to review the files at a location of his choosing, and that I would identify the documents for which I wanted copies, thus allowing the parties to reduce expenses. I had earlier specifically stated that I did not want the entire files.

8. After our telephone conference I sent a discovery deficiencies letter, which outlined specific information regarding the incomplete nature of the County's response to Request No. 40. See Exhibit 3, pp. 9-10.

9. On August 10, I again had a telephone conference with Attorneys Stadler and Sacks during which Attorney Stadler again refused to provide the documents requested.

10. I offered to provide a reduced list of County employees for whom I was seeking personnel files, and Attorney Stadler agreed to consider the request.

11. On August 13, 2020, I sent Attorney Stadler an email at approximately 4:04 p.m. with a reduced list of personnel files to review. Exhibit 4.

12. On that same date, at approximately 4:51 p.m., I received a letter as an attachment to an email; the letter was a response to our discussions regarding discovery deficiencies in which Attorney Stadler states "Once we have reviewed that [amended] list we will consider whether the production of the personnel files for people on that list is still objectionable." Exhibit 5, p. 7. I received the response yesterday, again refusing production. Exhibit 6.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and all exhibits are true and correct copies of documents in my possession, as identified above.

Dated: August 21, 2020

s/ Attorney Brenda Lewison