UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONETTE ARMS,

       Plaintiff,

v.                                       Case No. 2:18-cv-1835

MILWAUKEE COUNTY
(Department on Aging).

       Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES the Defendant, Milwaukee County ("Defendant" or the "County") by and through its attorneys, Jackson Lewis P.C., and responds to Plaintiff, Jonette Arms's first set of interrogatories and requests for production of documents as follows.

### INTERROGATORIES

**Interrogatory No. 1:**        Identify each person answering or assisting in answering these interrogatories and document requests along with the response; for example, if Jon Janowski is the person who provided the information responsive to interrogatory number 4, please identify him in your response; similarly, if Raisa Kolton is the person who provided the information responsive to request for production number 7, please identify her in that response.

**ANSWER TO INTERROGATORY NO. 1:** Defendant objects to this interrogatory as vague, overbroad, and unlikely to lead to the discovery of admissible information. The information used to respond to these interrogatories and documents was obtained through various County representatives, including, but not limited to individuals in former County Executive Chris Abele's

EXHIBIT
1
Dobbles'

office (e.g. Raisa Koltun, Angela Nixon, Kerry Mitchell, and Jon Janowski) in the Corporation Counsel and Human Resources Departments, as well as from documents in the County's possession. Defendant cannot parse out each bit of information and attribute it to a singular person.

**Interrogatory No. 2:** State each and every reason Defendant failed to select Jonette Arms to be director of the Department on Aging.

**ANSWER TO INTERROGATORY NO. 2:** Defendant objects to this interrogatory as vague as phrased. Subject to and without waiving any objections, Defendant answers that it did not fail to select Arms. Defendant chose to hire someone other than Plaintiff because she was not recommended by the interview panels to move on to the final round of interviews as other candidates performed much better during the interview process and received better scores than Plaintiff. The interview panels made recommendations based upon application material and interview performances. The County reviewed multiple factors and decided to hire Holly Davis. Plaintiff was simply not viewed as the best candidate out of the 81 different individuals who applied for the job.

**Interrogatory No. 3:** Identify which requests by Department Directors for vacation carryover in the period between May 1, 2011, and December 31, 2016, were granted and which were denied.

**ANSWER TO INTERROGATORY NO. 3:** Defendant objects to this interrogatory as vague, overbroad and unlikely to lead to the discovery of admissible evidence. The complaint alleges that it was retaliatory or otherwise evidence of discrimination for Plaintiff to be denied her vacation carry over request at the end of 2015. There is no basis for looking back to 2011 when the only complaint pertains to carrying over hours from 2015 to 2016. Subject to and without

2

waiving the above objections, Defendant has produced documents related to such requests for the 2015 to 2016 carryover.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** Produce all documents and electronically stored information identified, used, referenced, or relied upon in answering Plaintiff's First Set of Interrogatories.

**ANSWER TO REQUEST NO. 1:** Defendant objects to the request as vague, overbroad, unlikely to lead to the discovery of admissible evidence and that it seeks to compel production of documents protected by the attorney-client privilege and work product doctrine. In sum, there are likely a plethora of documents which will be identified or used in the sense of reviewing them to determine if they provide responsive information or not. There is no basis for requiring production of documents which are identified, reviewed and determined not to contain responsive information. Subject to and without waiving the above objections, please see attached document production.

**Request No. 2:** Produce all documents and electronically stored information that relates to any of the material facts at issue in Plaintiffs referenced complaint and amended complaints.

**ANSWER TO REQUEST NO. 2:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. The request, as drafted, requires Defendant to guess what Plaintiff believes to be the "material facts at issue" in the Complaint and then produce any document which "relates to" whatever those material facts may be. If Plaintiff would like to identify what facts she believes are material here and the types and categories of documents related to those material facts which she requests, Defendant will consider the request. Subject to and without waiving the above objections, please see attached document production.

3

**Request No. 3:**    Produce all documents and electronically stored information that supports, verifies, evidences, summarizes, refutes, or otherwise relates to all statements taken or interviews, formal or informal, conducted with anyone concerning any of the issues, including all defenses and affirmative defenses, in the above-captioned matter.

**ANSWER TO REQUEST NO. 3:** Defendant objects to the request as vague, overbroad, unlikely to lead to the discovery of admissible evidence and that it seeks to compel production of documents protected by the attorney-client privilege and work product doctrine. First, it does not define "statements or interviews" which could reasonably be interpreted in various manners. Second, not only does it seek documents of any interviews related to any issue in the case (which itself is overbroad and vague), but any document which supports any fact or issue contained within any such interview. For example, if an interview was taken of how Ms. Arms performed during her TAHC into the Director position, it would theoretically require the production of every document reflecting anything that occurred during the TAHC of Ms. Arms as such documents would support or verify Ms. Arms performance, or non-performance, of certain duties during her TAHC. Such a request is vastly overbroad and vague. Subject to and without waiving the above objections, no non-privileged interviews or statements, as Defendant understands those terms, have been conducted.

**Request No. 4:**    Produce all documents and electronically stored information that relates to any and all defenses and affirmative defenses in the above-captioned matter.

**ANSWER TO REQUEST NO. 4:** Defendant objects to the request as vague and overbroad. The request, as drafted, requires Defendant to guess what Plaintiff believes "relates" to any defenses or affirmative defenses in this case. For example, Defendant and Plaintiff likely disagree how effective Ms. Arms was during her TAHC into the Director position and this may be

4

considered a "defense" to the claim and why she was not awarded the Director position. If this were so, the request would presumably require the production of every document reflecting anything that occurred during the TAHC of Ms. Arms as such documents would support or verify Ms. Arms performance, or non-performance, of certain duties during her TAHC. Such a request is vastly overbroad and vague. If Plaintiff desires specific documents about specific issues, such as those requests set forth later in her discovery requests, Defendant will consider such requests. Subject to and without waiving the above objections, please see attached document production.

**Request No. 5:** Produce all documents and electronically stored information related to Plaintiffs employment with Defendant, including, but not limited to, application(s) for employment, job duties, job titles, assignments, training, job performance, discipline (both formal and informal), transfers, promotions, demotions, attendance, leave requests, work hours, compensation and benefits, and including but not limited to, any and all regular personnel file documents available through Human Resources Department, any and all FMLA and workers compensation files available through the Risk Management Division and any and all files regarding Plaintiff maintained or created by Raisa Fulton, Jon Janowski or Chris Abele regarding Plaintiff.

**ANSWER TO REQUEST NO. 5:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence for many of the same reasons stated in response to No. 4. Not only does it seek a vastly wide range of documents which might generally be referred to as her personnel file, but it seeks any document "related to" those personnel file documents. This means that for any performance review, evaluation, job description, or the like, the Defendant would be forced to produce any document which related in any way to those documents. Further, the request seeks the production of documents unlikely to lead to the

5

discovery of admissible evidence. Subject to and without waiving the above objections, Defendant will produce what it considers to be Plaintiff's employee personnel file.

**Request No. 6:** Produce all documents and electronically stored information created, maintained, or utilized for making decisions regarding Plaintiff's employment including, but not limited to, all documents maintained pursuant to Wis. Stat. § 104.09 and any notes or statements taken regarding Plaintiff's employment or the above referenced documents.

**ANSWER TO REQUEST NO. 6:** Defendant reasserts its objections from response No. 5. Further, Defendant objects to the extent that the request seeks records covered by § 104.09 which relates to hour of work and pay for non-exempt employees and Plaintiff was an exempt employee.

**Request No. 7:** Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that prove Jim Keegan was TACHed as Interim Director of the Parks Department for a period of 480 days.

**ANSWER TO REQUEST NO. 7:** Defendant objects to the request as vague and needlessly overbroad. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 8:** Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that indicate why Jim Keegan was TACHed as Interim Director of the Parks Department for a period of 480 days.

**ANSWER TO REQUEST NO. 8:** Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. There is nothing to demonstrate that this position is an appropriate comparator to Ms. Arms, much less that there is any reason to believe that the vast array of information sought is likely to lead to the discovery

6

of admissible evidence. In fact, this individual is not likely to be an appropriate comparator (and thus, no relevance) as the position is covered by different statutes pertaining to appointment to a position and this position had various unique circumstances which renders it inapposite to Ms. Arms' situation. Further, there is nothing within Ms. Arms' Complaint here which would give rise to the apparent pattern and practice claim she seems to desire to pursue instead of the disparate treatment claim asserted in her Complaint. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 9:** Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that prove Maria Ledger was TACHed as Interim Director of the Family Care Department for a period of 386 days.

**ANSWER TO REQUEST NO. 9:** Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 10:** Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that indicate why Maria Ledger was TACHed as Interim Director of the Family Care Department for a period of 386 days.

**ANSWER TO REQUEST NO. 10:** Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. There is nothing to demonstrate that this position is an appropriate comparator to Ms. Arms, much less that there is any reason to believe that the vast array of information sought is likely to lead to the discovery of admissible evidence. In fact, this individual is not likely to be an appropriate comparator

7

(and thus, no relevance) as the position is covered by different statutes pertaining to appointment to a position and this position had various unique circumstances which renders it inapposite to Ms. Arms' situation. Further, there is nothing within Ms. Arms' Complaint here which would give rise to the apparent pattern and practice claim she seems to desire to pursue instead of the disparate treatment claim asserted in her Complaint. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 11:** Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that prove Brian Dranzik was TACHed as Interim Director of the Transportation Department for a period of 153 days.

**ANSWER TO REQUEST NO. 9:** Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 12:** Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that indicate why Brian Dranzik was TACHed as Interim Director of the Transportation Department for a period of 153 days.

**ANSWER TO REQUEST NO.** 12: Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. There is nothing to demonstrate that this position is an appropriate comparator to Ms. Arms, much less that there is any reason to believe that the vast array of information sought is likely to lead to the discovery of admissible evidence. In fact, this individual is not likely to be an appropriate comparator (and thus, no relevance) as the position is covered by different statutes pertaining to appointment

8

to a position and this position had various unique circumstances which renders it inapposite to Ms. Arms' situation. Further, there is nothing within Ms. Arms' Complaint here which would give rise to the apparent pattern and practice claim she seems to desire to pursue instead of the disparate treatment claim asserted in her Complaint. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 13:** Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that show Geri Lyday was TACHed as Interim Director of the Department of Health and Human Services and for what period of time.

**ANSWER TO REQUEST NO. 13:** Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 14:** Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that indicate why Geri Lyday was TACHed as Interim Director of the Department of Health and Human Services and for what period of time.

**ANSWER TO REQUEST NO. 14:** Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. There is nothing to demonstrate that this position is an appropriate comparator to Ms. Arms, much less that there is any reason to believe that the vast array of information sought is likely to lead to the discovery of admissible evidence. In fact, this individual is not likely to be an appropriate comparator (and thus, no relevance) as the position is covered by different statutes pertaining to appointment to a position and this position had various unique circumstances which renders it inapposite to Ms.

9

Arms' situation. Further, there is nothing within Ms. Arms' Complaint here which would give rise to the apparent pattern and practice claim she seems to desire to pursue instead of the disparate treatment claim asserted in her Complaint. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 15:**   Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that show Candice Richards was TACHed as Interim Director of the Human Resources Department and for what period of time.

**ANSWER TO REQUEST NO. 15:** Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 16:**   Produce copies of all pay records, letters, memos, minutes, documents and electronically stored information that why Candice Richards was TACHed as Interim Director of the Human Resources Department and for what period of time.

**ANSWER TO REQUEST NO. 16:** Defendant objects to the request as vague, needlessly overbroad and unlikely to lead to the discovery of admissible information. There is nothing to demonstrate that this position is an appropriate comparator to Ms. Arms, much less that there is any reason to believe that the vast array of information sought is likely to lead to the discovery of admissible evidence. In fact, this individual is not likely to be an appropriate comparator (and thus, no relevance) as the position is covered by different statutes pertaining to appointment to a position and this position had various unique circumstances which renders it inapposite to Ms. Arms' situation. Further, there is nothing within Ms. Arms' Complaint here which would give rise

to the apparent pattern and practice claim she seems to desire to pursue instead of the disparate treatment claim asserted in her Complaint. Subject to and without waiving these objections, Defendant will produce at least one category of document which demonstrates the timing and length of the TAHC of this individual.

**Request No. 17:** Produce copies of all invoices, emails, memos, letters, candidate lists, application materials, County Board confirmation materials, documents and electronically stored information that pertain to any and all of Defendant's efforts and actions to fill each position prior to the selection for the position held by each of the following Department Directors:

- Paul Bargren
- Hector Colon
- John Dargle
- Brian Dranzik
- Mike Hafemann
- Maria Ledger
- Kerry Mitchell
- Jim Sullivan
- Christine Westrich
- Teig Whaley-Smith
- Margaret Daun
- Kimberly Walker
- Holly Davis

**ANSWER TO REQUEST NO. 17:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. The request is nothing more than an impermissible and vastly overbroad fishing expedition. There is nothing to demonstrate that any of the proposed positions (other than that held by Holly Davis) are even appropriate comparators to Ms. Arms, much less that there is any reason to believe that the vast array of information sought is likely to lead to the discovery of admissible evidence. In fact, none of the individuals are likely to be appropriate comparators (and thus, they have no relevance) as the positions requested are covered by different statutes pertaining to appointment to a position and each

11

position had various unique circumstances which render them inapposite to Ms. Arms' situation. Further, there is nothing within Ms. Arms' Complaint here which would give rise to the apparent pattern and practice claim she seems to desire to pursue instead of the disparate treatment claim asserted in her Complaint.

Subject to and without waiving the above objection, Defendant has provided a spreadsheet of all individuals to hold an interim or permanent director position since 2012 along with various categories of information about each as well as the requested documentation for Holly Davis. This is meant to provide sufficient information to allow Plaintiff to appropriately narrow her requests and not engage in an impermissible fishing expedition. This spreadsheet is being produced in response to all requests pertaining to information about individuals in a director level position. Should further, specific and relevant information be sought, Defendant will consider the same.

**Request No. 20:** Produce copies of all invoices, emails, memos, letters, candidate lists, application materials, County Board confirmation materials, documents and electronically stored information that pertain to any and all Defendant efforts and actions to fill any and all permanent Director vacancies, that occurred during the period of April 21, 2011 to the present, of the following Defendant departments:

- Administrative Services
- Child Support Services
- Corporation Counsel
- Emergency Management
- Family Care
- Health & Human Services
- House of Correction
- Human Resources
- Parks Recreation & Culture
- Transportation
- Aging

**ANSWER TO REQUEST NO. 20:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. The request is nothing more than an impermissible and vastly overbroad fishing expedition. There is nothing to demonstrate that any of the proposed positions (other than that held by Holly Davis) are even appropriate comparators to Ms. Arms, much less that there is any reason to believe that the vast array of information sought is likely to lead to the discovery of admissible evidence. In fact, none of the individuals are likely to be appropriate comparators (and thus, no relevance) as the positions requested are covered by different statutes pertaining to appointment to a position and each position had various unique circumstances which render them inapposite to Ms. Arms' situation. Further, there is nothing within Ms. Arms' Complaint here which would give rise to the apparent pattern and practice claim she seems to desire to pursue instead of the disparate treatment claim asserted in her Complaint.

Subject to and without waiving the above objection, Defendant has provided a spreadsheet of all individuals to hold an interim or permanent director position since 2012 along with various categories of information about each as well as the requested documentation for Holly Davis. This is meant to provide sufficient information to allow Plaintiff to appropriately narrow her requests and not engage in an impermissible fishing expedition. This spreadsheet is being produced in response to all requests pertaining to information about individuals in a director level position. Should further, specific and relevant information be sought, Defendant will consider the same.

**Request No. 21:** Produce copies of each and every document, record, and all other evidence that verifies any and all budget considerations that caused Defendant to temporarily assign Plaintiff as Interim Director of the Department on Aging.

**ANSWER TO REQUEST NO. 21:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. As drafted, it would require production of most budget documents for fiscal years 2014-15 as the same would be required to "verify" any budget considerations which may have led Ms. Arms to be TAHC'ed into the Director position in the first place or continued in the TAHC. Such a request is overbroad and unduly burdensome. Subject to and without waiving this objection, there are no responsive documents in the County's possession or control.

**Request No. 22:** Produce copies of each and every document, and all other evidence that verifies any and all staffing considerations that caused Defendant to temporarily assign Plaintiff as Interim Director of the Department on Aging.

**ANSWER TO REQUEST NO. 22:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. As drafted, it would require production of most staffing documents on a County wide basis for fiscal years 2014-15 as the same would be required to "verify" any staffing considerations which may have led Ms. Arms to be TAHC'ed into the Director position in the first place or continued in the TAHC. Such a request is overbroad and unduly burdensome. Subject to and without waiving this objection, there are no responsive documents in the County's possession or control.

**Request No. 23:** Produce copies of any and all meeting minutes from any and all Milwaukee County Executive Cabinet meetings that were conducted during the period April 21, 2011 thru December 31, 2016.

**ANSWER TO REQUEST NO. 23:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. Again, the overbroad nature of the

14

request and the lack of any subject matter restrictions or reasonable temporal limitations demonstrates that these requests are nothing more than a fishing expedition.

**Request No. 24:** Produce copies of any and all vacation carryover requests submitted to Defendant by any and all of Defendant's department directors since April 21, 2011.

**ANSWER TO REQUEST NO. 24:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. The complaint alleges that it was retaliatory or otherwise evidence of discrimination for Plaintiff to be denied her vacation carry over request at the end of 2015. There is no basis for looking back to 2011 when the only complaint pertains to carrying over hours from 2015 to 2016. Subject to and without waiving the above objections, Defendant will produce documents related to such requests for the 2015 to 2016 carryover.

**Request No. 25:** Produce copies of any and all memos, emails, letters and all other documents that pertain to any and all vacation carryover requests submitted to Defendant by any and Defendant department directors since April 21, 2011.

**ANSWER TO REQUEST NO. 25:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. The complaint alleges that it was retaliatory or otherwise evidence of discrimination for Plaintiff to be denied her vacation carry over request at the end of 2015. There is no basis for looking back to 2011 when the only complaint pertains to carrying over hours from 2015 to 2016. Subject to and without waiving the above objections, Defendant will produce documents related to such requests for the 2015 to 2016 carryover.

**Request No. 26:** Produce copies of any and all postings regarding the position for Director of the Department on Aging in 2015 and 2016 on any and all media, such as print media,

15

social media, the Milwaukee County website, or any other website which was used to advertise the availability of the position.

**ANSWER TO REQUEST NO. 26:** Defendant will produce the responsive documents within its possession or control.

**Request No. 27:** Produce copies of all applications for the position of Director of the Department on Aging submitted in 2016 and any and all enclosures or attachments provided by those applicants regarding their applications.

**ANSWER TO REQUEST NO. 27:** Defendant will produce the responsive documents within its possession or control.

**Request No. 28:** Produce copies of all resumes, references, letters of reference, curriculum vitae or any other documents provided by Holly Davis, Jordan Luhr, Jonette Arms, and Colleen A. Peebles in application for the position as Director of the Milwaukee County Department of Aging prior to July 28, 2016.

**ANSWER TO REQUEST NO. 28:** Defendant will produce the responsive documents within its possession or control.

**Request No. 29:** Produce any and all copies of all postings regarding the position for Manager of the Division of Behavioral Health in the Department of Health and Human Services in 2015 and 2016 on any and all media such as print media, social media, the Milwaukee County website, or any other website which was used to advertise the availability of the position.

**ANSWER TO REQUEST NO. 29:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. A manager level employee (not a Director or Assistant Director) in another department is not an appropriate comparator nor is there any reason to believe how this job was posted has anything to do with Ms. Arms' claims asserted

16

in this case as Ms. Arms did not apply for the position and it is located in an entirely different County department.

**Request No. 30:** Produce copies of all applications for the position of Manager of the Division of Behavioral Health in the Department of Health and Human Services in 2015 and 2016 and any and all enclosures or attachments provided by those applicants at the time of application.

**ANSWER TO REQUEST NO. 30:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. A manager level employee (not a Director or Assistant Director) in another department is not an appropriate comparator nor is there any reason to believe how this job was posted has anything to do with Ms. Arms' claims asserted in this case as Ms. Arms did not apply for the position and it is located in an entirely different County department.

**Request No. 31:** Produce copies of Commission on Aging meeting agendas, minutes, and authentic voice recordings for regular and special meetings for the period between and including September 2015 and December 2016.

**ANSWER TO REQUEST NO. 31:** Defendant will produce the responsive documents within its possession or control.

**Request No. 32:** Produce copies of the Commission on Aging Executive Committee meeting agendas, minutes and authentic voice recordings for regular and special meetings for the period between and including July 2016 through December 2016.

**ANSWER TO REQUEST NO. 32:** Defendant will produce the responsive documents within its possession or control.

**Request No. 33:** Produce copies of all Department on Aging organizational charts for the period from April 2010 to the present.

**ANSWER TO REQUEST NO. 33:** Defendant objects to the request as overbroad. There is no reason to require the search for and production or organizational charts dating back **eight years** when the Complaints at issue cover events no earlier than 2015. Upon the request being appropriately limited, Defendant will consider the same.

**Request No. 34:** Produce copies of all Milwaukee County organizational charts for the period from April 2010 to the present.

**ANSWER TO REQUEST NO. 34:** Defendant objects to the request as overbroad. There is no reason to require the search for and production or organizational charts dating back **eight years** when the Complaints at issue cover events no earlier than 2015. Upon the request being appropriately limited, Defendant will consider the same.

**Request No. 35:** Produce copies of all emails or texts created between April 1, 2015 through December 2016, including the words "Jonette," "Jonette Aims," the "Department on Aging," or the "DOA" which were sent to, from or between Chris Abele, Hector Colon, Jeanne Dorff, Tom Condella, Jonathan Janowski, Raisa Kolton, Randal Kohl, Lisamarie Arnold, Melissa Baldauff, Kerry Mitchell, Lori Brown, Geri Lyday, Claire Zautke, Christine Westrich, Angela Nixon, Colleen Foley, Luis Padilla, Susan Chase, Jennifer Mueller, Andre Simms, Lynn Lauters, Grady Gardner, Holly Davis, Randy Oleszak, Chester Kuzminski, Sue Drummond, Richard Ceschin, Julie Wilson, Heidi Barrera, Judith Feierstein, and Randall Iding.

**ANSWER TO REQUEST NO. 35:** Defendant objects to the request as hopelessly overbroad, vague, unduly burdensome, unlikely to lead to the discovery of admissible evidence and seeking the disclosure of attorney-client privilege or work product documents. Due to the

18

structure of the proposed search, the request would result in the likely production of any email which was sent or received by any of the 31 listed individuals. And, because some of the individuals work within the Department on Aging, a search term such as "Department on Aging" would effectively result in the production of their entire email box because their signature block has such phraseology. Subject to and without waiving the above objections, Defendant will produce the result of an email search based on the agreed upon search terms and custodians previously agreed upon by counsel during the Equal Rights Division proceedings in this matter. Search terms: "Jonette Arms"; "Jonette" AND "Department on Aging"; "Jonette" AND "DOA"; "Jonette" AND "MCDA"; and "Jonette" AND "Aging" were run for the following custodians: Chris Abele; Rick Ceschin; Susan Chase; Hector Colon; Tom Condella; Holly Davis; Jeanne Dorff; Sue Drummond; Jonathan Janowski; Raisa Koltun; Kerry Mitchell; Jennifer Mueller; Angela Nixon; Randy Oleszak; Luis Padilla; Lori (Brown) Ranker; Christine Westrich; and Claire Zaulke. Date range: 4/1/15-12/31/16.

**Request No. 36:** Provide a copy of the interview questions for the first-round interviews for the position of Director of the Department on Aging interviews conducted in 2016.

**ANSWER TO REQUEST NO. 36:** Defendant will produce the responsive documents within its possession or control.

**Request No. 37:** Provide a copy of the answer key for the interview questions for the first-round interviews for the position of Director of the Department on Aging interviews conducted in 2016.

**ANSWER TO REQUEST NO. 37:** Defendant will produce the responsive documents within its possession or control.

19

**Request No. 38:** Provide a copy of the interview questions for the second-round interviews for the position of Director of the Department on Aging interviews conducted in 2016.

**ANSWER TO REQUEST NO. 38:** Defendant will produce the responsive documents within its possession or control.

**Request No. 39:** Provide a copy of the answer key for the interview questions for the second-round interviews for the position of Director of the Department on Aging interviews conducted in 2016.

**ANSWER TO REQUEST NO. 39:** Defendant will produce the responsive documents within its possession or control.

**Request No. 40:** Provide all regular personnel files for current and former County employees as follows:

Chris Abele
Raisa Koltun
Thomas Condella
Lisamarie Arnold
Jonoathan Janowski
Randal Kohl
Chester Kuzminski
Howard Felix
Janet Nichols
Paul Bargren
Geri Lyday
Mark Stein
John Zapfel
Angela Nixon
Kerry Mitchell
Claire Zaukte
Audrey Harvey
Lori Brown Ranker
Hector Colon
John Dargle
Brian Dranzik
Mike Hafeman
Maria Ledger
Jim Sullivan

20

Christine Westrich
Teig Whaley-Smith
Margaret Daun
Kimberly Walker
Holly Davis
Carmen Pangilinan
Mary Proctor Brown
Patricia Batemon
Stephanie Sue Stein
Bashir Easter
Beth Monrial Zatarski
Vonda Nyang
Gary Portenier
Beverly Jones

**ANSWER TO REQUEST NO. 40:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. The request is nothing more than an impermissible and vastly overbroad fishing expedition. There is nothing to demonstrate that any of the proposed individuals (with the exception of Holly Davis) are even appropriate comparators to Ms. Arms, much less that there is any reason to believe that the vast array of information sought is likely to lead to the discovery of admissible evidence. In fact, none of the individuals are likely to be appropriate comparators other than Holly Davis (and thus, they have no relevance) as the individuals' positions are covered by different statutes pertaining to appointment to a position and each position had various unique circumstances which render them inapposite to Ms. Arms' situation.

Subject to and without waiving the above objection, Defendant will produce the personnel file of Holly Davis. Should further, specific and relevant information be sought, Defendant will consider the same.

**Request No. 41:** Unless provided pursuant to other document requests, above, provide all documents identified as potential exhibits in Defendant's Rule 26 disclosures, as follows:

21

1.     Documents in Plaintiff's employee file.

2.     Documents related to the selection process for the director of the department on aging.

3.     Emails and other correspondences exchanged by and amongst County employees regarding Plaintiff.

4.     Emails and other correspondences exchanged by and amongst County employees and Plaintiff.

5.     Documents related to Plaintiffs request for FMLA and other leave.

6.     County policies and procedures.

7.     County organizational charts and financial and demographic information.

8.     All documents which the County may use for impeachment

**ANSWER TO REQUEST NO. 41:** Defendant objects to the request as vague, overbroad and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving any objections, to the County's information and belief, all responsive documents have been provided or are already in Plaintiff's possession.

**VERIFICATION**

AS TO INTERROGATORY RESPONSES:

I, _____, certify that, to the best of my knowledge, the above responses are true and correct based on my review of the pertinent information and based on information shared by the others at the County. I and/or the County reserve the right to supplement or amend these responses with additional or different information should further investigation or discovery reveal additional facts or information.

Dated this ___ day of ____, 2020.

Sign: /s/_____

23

AS TO FORM AND OBJECTIONS:

Dated this 17th day of June, 2020.

JACKSON LEWIS P.C.
Attorneys for Defendant

By:     /s/ *Ronald S. Stadler*
        Ronald S. Stadler
        State Bar No. 1017450
        Jonathan E. Sacks
        State Bar No. 1103204

P.O. Address:
330 East Kilbourn Avenue, Suite 560
Milwaukee, WI 53202
(414) 944-8900
Ronald.stadler@jacksonlewis.com
Jonathan.sacks@jacksonlewis.com

24