# jackson|lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis P.C. | ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| --- | --- | --- | --- | --- |
| 330 E. Kilbourn Avenue | ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| Suite 560 | ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| Milwaukee WI 53202 | AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| Tel 414-944-8900 | BALTIMORE, MD | HONOLULU, HI | NEW YORK, NY | SALT LAKE CITY, UT |
| Fax 414-944-8901 | BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| www.jacksonlewis.com | BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| | BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| | CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| | CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| | CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| | CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| | DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| | DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| | DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

MY DIRECT DIAL IS: (414) 944-8930
MY EMAIL ADDRESS IS: RONALD.STADLER@JACKSONLEWIS.COM

August 13, 2020

Brenda Lewison, Esq.
Law Office of Arthur Heitzer
633 West Wisconsin Avenue, Suite 1410
Milwaukee, WI 53203

      RE  Arms v. Milwaukee County
         Case No. 18-CV-1835

Dear Ms. Lewison:

  This letter is to address the issues you raised in your July 31, 2020 letter and to follow up on our August 10, 2020 phone call. Responses to your numbered issues are provided below.

## Issue I – Bates References

  Below please find bates references that correlate to the requests for production of documents.

1.  N/A
2.  See response to Issue II.
3.  N/A
4.  N/A
5.  Milwaukee County000457-000510
6.  N/A
7.  Milwaukee County000450-000451, 001149-001159
8.  Milwaukee County000450-000451, 001149-001159
9.  Milwaukee County000450-000451, 001149-001159
10.  Milwaukee County000450-000451, 001149-001159
11.  Milwaukee County000450-000451, 001149-001159
12.  Milwaukee County000450-000451, 001149-001159
13.  Milwaukee County000450-000451, 001149-001159
14.  Milwaukee County000450-000451, 001149-001159
15.  Milwaukee County000450-000451, 001149-001159
16.  Milwaukee County000450-000451, 001149-001159

EXHIBIT 5



17. Milwaukee County000450-000451, 001149-001154
20. Milwaukee County000450-000451, 001149-001154
21. N/A
22. N/A
23. N/A
24. Milwaukee County000005-000009
25. Milwaukee County000005-000009
26. Milwaukee County000011-000012, 000019-000020, 000072-000076
27. Milwaukee County000727-000983
28. Milwaukee County000197-000219, 000269-000282, 000309-000313
29. N/A
30. N/A
31. Milwaukee County000984-001141
32. Milwaukee County000984-001141
33. Milwaukee County001103-001105
34. N/A
35. See separately produced production set.
36. Milwaukee County000021-000033, 000053-000061, 000093-000117, 000153-000159
37. Milwaukee County000021-000033, 000053-000061, 000093-000117, 000153-000159
38. Milwaukee County000035-000045, 000118-000141, 000160-000165
39. Milwaukee County000035-000045, 000118-000141, 000160-000165
40. See separately produced production with Holly Davis personnel file.
41. N/A

### Issue II – Request to Produce 4

As indicated during our call, we are designating by bates reference those documents that tend to support the County's enumerated affirmative defenses identified in the Answer to the Second Amended Complaint. This identification is not intended to be exhaustive or representative of every single piece of evidence in support of each affirmative defense. The County does not waive any objections raised in response to Request 4 and maintains that this request is inappropriately vague and overbroad but is providing the below in an attempt to compromise.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted. **No specific responsive documents in the County's possession.**

2. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to exhaust administrative remedies. **No specific responsive documents in the County's possession.**

3. Plaintiff's claims may be premature and/or barred because the claims are beyond the scope of her underlying administrative charges. **No specific responsive documents in the County's possession.**



4. The Second Amended Complaint may be barred, in whole or in part, by the applicable statute of limitations. **No specific responsive documents in the County's possession.**

5. All events which occurred more than 300 days prior to the filing of Plaintiff's administrative charges are untimely under Title VII and not properly assertible in this action; nor is Plaintiff entitled to relief under Title VII in this action for any events which occurred more than 300 days prior to the filing of her charge of employment discrimination. **No specific responsive documents in the County's possession.**

6. Plaintiff has failed to mitigate damages, if any. **See Defendant's Amended Response to Plaintiff's Notice of Deposition pursuant to Fed R. Civ. P. 30(b)(6), 20(b)(2), and 34.**

7. Plaintiff's claims may be barred by the doctrine of estoppel. **No specific responsive documents in the County's possession.**

8. Plaintiff's claims may be barred by the doctrine of unclean hands. **No specific responsive documents in the County's possession.**

9. Plaintiff may have waived some or all of her claims. **No specific responsive documents in the County's possession.**

10. Assuming, arguendo, that Plaintiff is able to establish that her protected class played any part in any decisions of which she complains in the Second Amended Complaint, Defendant would have made the same decisions even in the absence of any unlawful consideration. **See Milwaukee County000167-00170, 000358 000551-000725.**

11. Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in her Second Amended Complaint and any damages which she allegedly suffered. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

12. Any and all actions taken by Defendant affecting Plaintiff were taken for reasons other than Plaintiff's alleged protected class. **See Milwaukee County000413-000422, 000511-000518, 000525-000548, 000167-00170, 000551-000725.**

13. At all times pertinent herein, Plaintiff did not have a disability within the meaning of the ADA and Rehabilitation Act, nor was Plaintiff perceived by Defendant as having a disability, and therefore she has no standing to initiate this action and no right to any relief under the ADA and Rehabilitation Act. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

14. At all times pertinent herein, Plaintiff was not a qualified individual with a disability within the meaning of the ADA or Rehabilitation Act, and therefore he has no standing to initiate this action and no right to any relief under the ADA and Rehabilitation Act. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

15. Because Plaintiff was unable to work with or without a reasonable accommodation, she was not a qualified individual with a disability as a matter of law. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

16. Even if Plaintiff was a qualified individual with a disability as defined by the ADA and Rehabilitation Act, Defendant had no knowledge thereof. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**



17. Despite the fact that Plaintiff did not have a disability and was not qualified individual with a disability within the meaning of the ADA and Rehabilitation, Defendant made a good faith effort to reasonably accommodate Plaintiff. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

18. Defendant did not discriminate against Plaintiff because of her disability within the meaning of the ADA and Rehabilitation Act. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

19. Plaintiff was unable to perform the essential functions of the job, with or without reasonable accommodations. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

20. In the alternative, but without in any way waiving the foregoing defenses that Plaintiff is not disabled and/or not a qualified individual with a disability, in the event that it is determined that Plaintiff is disabled and is a qualified individual with a disability, Defendant avers that it met any obligations to engage in an interactive process with Plaintiff to identify reasonable accommodations. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

21. To the extent that Plaintiff was entitled to and sought reasonable accommodation, Defendant had no obligation to provide Plaintiff with the particular accommodation sought. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

22. Defendant made good faith efforts to accommodate Plaintiff. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

23. To the extent Defendant denied Plaintiff's request for accommodation, such accommodation would have imposed an undue hardship on Defendant's operations or was otherwise prohibited by another Federal law or regulation. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

24. Plaintiff's requested accommodation of a multi-month unpaid leave of absence after exhausting all her FMLA leave is unreasonable as a matter of law. **See Milwaukee County000413-000422, 000511-000518, 000525-000548 and Seventh Circuit case law.**

25. Plaintiff's claims for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that she engaged in conduct which would have otherwise resulted in her discharge. **No specific responsive documents in the County's possession.**

26. Plaintiff's Second Amended Complaint is barred, in whole or in part, because of her own acts or omissions caused or contributed to any alleged losses or injuries. **See Milwaukee County000167-00170, 000551-000725.**

27. All actions taken by Defendant were based on legitimate, not-discriminatory, non-retaliatory reasons, which were not pretextual. **See Milwaukee County000167-00170, 000358, 000551-000725.**

28. All actions by Defendant with respect to Plaintiff's employment were taken in good faith, for reasonable factors separate and apart from rights under Title VII, 42 U.S.C. § 1981, the



ADA, the Rehabilitation Act, and the ADEA. **See Milwaukee County000413-000422, 000511-000518, 000525-000548, 000167-00170, 000551-000725.**

29. Plaintiff did not engage in statutorily protected expression or activity under any federal law. **No specific responsive documents in the County's possession.**

30. Any claims for retaliation under the ADA, Rehabilitation Act, and ADEA, were dismissed by the Court on May 1, 2019 and August 9, 2019. **No specific responsive documents in the County's possession. See Court's decisions on motions to dismiss.**

31. Plaintiff did not suffer an adverse employment action. **No specific responsive documents in the County's possession.**

32. None of Plaintiff's similarly situated comparators were treated more favorably. **No specific responsive documents in the County's possession.**

33. Defendant is not liable for punitive damages under any federal law implicated in the Amended Complaint. **No specific responsive documents in the County's possession.**

34. Plaintiff cannot demonstrate severe and pervasive conduct that altered the conditions of her employment. **See Milwaukee County000413-000422, 000511-000518, 000525-000548.**

35. Defendant is entitled to absolute, qualified, or other form of immunity. **No specific responsive documents in the County's possession.**

36. Defendant denies that it acted with malice or reckless inference to the rights of Plaintiff. **No specific responsive documents in the County's possession.**

37. Plaintiff is not entitled to recover compensatory for pain and suffering or punitive damages under the ADEA. **No specific responsive documents in the County's possession.**

38. Any employment action taken against Plaintiff was based on reasonable factors other than age. **See Milwaukee County000167-000170, 000358, 000551-000725.**

39. No one outside of Plaintiff's protected class was appointed to the Director of the Department of Aging with or without a competitive application process. **See Milwaukee County000167-000170, 000358, 000551-000725.**

40. Under Wis. Stat. § 59.17, the County Executive has the authority to appoint and supervise the heads of all departments and all directors serve at the pleasure of the County Executive. **No specific responsive documents in the County's possession.**

41. Plaintiff voluntarily resigned and was not constructively discharged. **See Milwaukee County 000421.**

42. There was no substantial age difference as a matter of law between Plaintiff and the woman hired instead of her. **No specific responsive documents in the County's possession.**

43. As a governmental entity the County and its actors enjoy absolute immunity from liability for legislative activities. *See Clarke v. Abele*, 184 F. Supp. 3d 692, 695 (E.D. Wis. 2016), *judgment entered*, No. 16-CV-208-JPS, 2016 WL 1621933 (E.D. Wis. Apr. 21, 2016). **No specific responsive documents in the County's possession.**



44. The County is immune from suits concerning those activities that are taken pursuant to constitutional or statutory procedures, and those actions that reflect discretionary decisions implicating the services the government provides to its constituents. *See Clarke v. Abele*, 184 F. Supp. 3d 692, 695 (E.D. Wis. 2016) citing *Bagley v. Blagojevich*, 646 F.3d 378, 392–923 (7th Cir. 2011)); *see also Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 808 (7th Cir. 2003) (holding the doctrine of legislative immunity protects the county executive in his role of transmitting a budget that eliminated plaintiff's position). **No specific responsive documents in the County's possession.**

45. Any other affirmative defenses learned as a result of discovery. **No specific responsive documents in the County's possession.**

### Issue III (First III) – Requests to produce related TACH information (7-16)

The first issue III relates to information about the length of time that various individuals were TACHed into their respective County positions. The County does not waive any objections raised in response to Requests 7-16. Subject to those objections the lengths of those individuals' TACHs were provided in Milwaukee County000450-000451, 001149-001159.

### Issue III (Second III) – Requests to produce related to appointment of directors outside of the Department of Aging (17 and 20)

The second issue III relates to information about actions taken to fill director level positions at various County Departments. The County does not waive any objections raised in response to Requests 17 and 20. Subject to those objections, information regarding whether some form of a search/application process was undertaken was provided in Milwaukee County000450-000451, 001149-001154.

### Issue IV – Requests 23 and 33

The County does not waive any objections raised in response to Requests 23 and 33.

With respect to Request 23, the lack of temporal or subject matter limitations render this request overbroad, vague, and unlikely to lead to the discovery of admissible. Subject to those objections, we have inquired again as to whether such minutes for executive cabinet meetings exist and will inform you when we have a response. If minutes exist, we can discuss production with reasonable time and subject matter restrictions.

With respect to Request 33, the request for organizational charts dating back eight years when the complaints at issue cover events no earlier than 2015 is still overbroad. The County has produced at least three organizational charts already (see attached copies of 2013 organizational chart and 2017-2018 Milwaukee County Department on Aging Area Agency on Ageing Area Plan which includes a 2016 organizational chart, and Milwaukee County001103). Subject to those objections, we have inquired with the County to see if historical organizational charts are available and/or are easily accessible and will inform you when we have their response. If additional charts are easily accessible, we can discuss production with reasonable time restrictions.



## Issue V – Requests alleged to be incomplete (Interrogatory 2 and Requests 27 and 31)

The County does not waive any objections raised in response to Interrogatory 2 and Requests 23 and 33.

We reiterate our position that Interrogatory 2 was fully responded to and that you are seeking an answer to a question that was not asked or otherwise encompassed in that interrogatory. As such, no further response will be provided.

With respect to Request 27 (or what we believe may be Request 28), we have inquired with the County to see if any additional letters of reference were submitted as part of the application materials or otherwise provided by Holly Davis, Jordan Luhr, Plaintiff, and Colleen Peebles that have not already been provided in discovery and will inform you when we have their response. If such documents exist, we can discuss production.

With respect to Request 31 we have inquired with the County to see if recordings of Commission on Aging meetings were maintained whether they are available and/or accessible and will inform you when we have their response. If recordings were maintained and can be accessed without a disproportionate undue burden, we can discuss production.

## Issue VI – Requests related to personnel files (Request 40)

The County does not waive any objections raised in response to Request 40 and reiterates its position that requests for the 38 personnel files are vague, overbroad, and unlikely to lead to the discovery of admissible evidence. Merely because a personnel file can be requested by an employee or through a public records request does not mean they are discoverable in litigation if they are not likely to lead to the discovery of admissible evidence. Nor are they automatically discoverable because an individual may be a witness. You indicated that you would send an amended list. Once we have reviewed that list we will consider whether the production of the personnel files for people on that list is still objectionable.

Please be guided accordingly by the above and we will provide updates when available and where applicable.

> Very truly yours,
> JACKSON LEWIS P.C.
>
> /s/ Ronald S. Stadler
>
> Ronald S. Stadler

RSS/tnm
Enclosures
4827-0192-9671, v. 1

# Arms v. Milwaukee County

From: Michalak, Tamara (Milwaukee) (tamara.michalak@jacksonlewis.com)
To: lewisonlaw@yahoo.com
Cc: ronald.stadler@jacksonlewis.com; jonathan.sacks@jacksonlewis.com
Date: Thursday, August 13, 2020, 04:51 PM CDT

Ms. Lewison:

The attached correspondence and attachments are being sent on behalf of Ron Stadler.

Tami

**Tamara Michalak**
Legal Secretary
**Jackson Lewis P.C.**
330 E. Kilbourn Avenue Suite 560
Milwaukee, WI 53202
Direct: (414) 944-8908 | Main: (414) 944-8900
Tamara.Michalak@jacksonlewis.com | www.jacksonlewis.com

Visit our resource page for information and guidance on COVID-19's workplace implications


Arms-Mke Cty Ltr to Lewison Response to Pl's Discovery Ltr.pdf
218kB


2013 Organizational chart -CTRL-E00000025460001_native.pdf
22.3kB


Copy of 2016 Organizational chart CTRL-E00000037570001_native.pdf
854.5kB