Representing Management Exclusively in Workplace Law and Related Litigation

jackson|lewis.

Jackson Lewis P.C.
330 E. Kilbourn Avenue
Suite 560
Milwaukee WI 53202
Tel 414-944-8900
Fax 414-944-8901
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BERKELEY HEIGHTS, NJ
BIRMINGHAM, AL
BOSTON, MA
CHARLOTTE, NC
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI
GRAND RAPIDS, MI
GREENVILLE, SC
HARTFORD, CT
HONOLULU, HI
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
KANSAS CITY REGION
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MADISON, WI
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN
MONMOUTH COUNTY, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SALT LAKE CITY, UT
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
SILICON VALLEY, CA
ST. LOUIS, MO
TAMPA, FL
WASHINGTON DC REGION
WHITE PLAINS, NY

MY DIRECT DIAL IS: (414) 944-8930
MY EMAIL ADDRESS IS: RONALD.STADLER@JACKSONLEWIS.COM

August 20, 2020

Brenda Lewison, Esq.
Law Office of Arthur Heitzer
633 West Wisconsin Avenue, Suite 1410
Milwaukee, WI 53203

RE Arms v. Milwaukee County
Case No. 18-CV-1835

Dear Ms. Lewison:

As you know, in your requests to produce you requested the personnel files for an extensive list of County employees. See Request to Produce No. 40. We objected to that request as the requests for the 38 personnel files are vague, overbroad, and unlikely to lead to the discovery of admissible evidence. We also advised you that subject to those objections, we would reconsider production upon a reduction in the list of requested individuals. In response, you have asked for the personnel files of seventeen County employees:

Raisa Koltun
Thomas Condella
Lisamarie Arnold
Jonathan Janowski
Randal Kohl
Geri Lyday
Claire Zautke
Hector Colon
Maria Ledger
Jim Sullivan
Carmen Pangilinan
Mary Proctor Brown
Patricia Batemon
Stephanie Sue Stein
Bashir Easter
Beth Monrial Zatarski
Vonda Nyang

EXHIBIT 6





We renew our objection to your requests. Although you have stated that you should have access to these personnel files because they "may" contain some kind of record to attack the employee's credibility, that is not a sufficient basis for your request. Such a request is a classic "fishing expedition," and simply because a personnel file "may" have a document that "might" affect an employee's credibility is not a sufficient basis for showing that the personnel files are discoverable. Such an approach to discovery is not permissible:

> Personnel files of other employees not parties to a lawsuit are private and confidential and should be protected as such unless the information is relevant and there are no less intrusive means for obtaining the information. *Raddatz v. Standard Register Co.*, 177 F.R.D. 446 (D. Minn. 1997). Accordingly, access to the personnel files of Power's coworkers [*9] is thus limited to documents relating to similarly-situated individuals. *Balderston*, 328 F.3d at 320; *Maxey v. Reynolds Metal Co.*, 805 F.2d 1035 (6th Cir. 1986). Further, courts have "substantial discretion to curtail the expense and intrusiveness of discovery in limiting an adverse party's request for broad discovery of personnel files." *Balderston*, 328 F.3d at 320.

*Powers v. Usf Holland*, 2008 U.S. Dist. LEXIS 142603, *8-9. The holding in *Powers* is not an anomaly: "The Court also acknowledges that a non-party subpoena served for the sole of purpose of fishing for evidence to impeach Plaintiff's credibility would not be proper. *See Woods v. Fresenius Med. Care Grp. of N. Am.*, 106CV1804RLYWTL, 2008 U.S. Dist. LEXIS 3756, 2008 WL 151836, at *2 (S.D. Ind. Jan. 16, 2008)." *Alderson v. Ferrellgas, Inc.*, 2013 U.S. Dist. LEXIS 190674, *18

You have not articulated any basis for why these personnel files are reasonably calculated to lead to the discovery of admissible evidence. Your suspicion that they might affect someone's credibility is not a basis to make these personnel files discoverable. To be discoverable, you

> ....must demonstrate that the [personnel] documents [plaintiff] seeks actually are relevant to the claims and defenses in this case. .......[plaintiff] must demonstrate a specific reason why the information is relevant to the particular claims and defenses in the case at hand. In other words, absent a showing that the subpoenas are reasonably calculated to lead to the discovery of admissible evidence, the [plaintiff] is simply embarking on the proverbial fishing expedition, and the theoretical potential relevance of any information obtained by such discovery is outweighed by the interests of the [defendant]...

*Woods v. Fresenius Med. Care Group of N. Am.*, 2008 U.S. Dist. LEXIS 3756, *3-5, 2008 WL 151836. You have not made any such showing, and a majority of the people on your list are not even potential witnesses in this matter.





Based upon the above, we continue to object to your request to produce these personnel files.

Very truly yours,
JACKSON LEWIS P.C.

*/s/ Ronald S. Stadler*

Ronald S. Stadler

RSS/tnm

4818-6894-9960, v. 1