# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONETTE ARMS,

        **Plaintiff,**

v.                                Case No. 18-CV-1835

MILWAUKEE COUNTY,

        **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Plaintiff Jonette Arms filed this action alleging that Milwaukee County discriminated against her on the basis of race and disability. *Arms v. Milwaukee Cnty.*, No. 18-CV-1835, 2019 U.S. Dist. LEXIS 134379 (E.D. Wis. Aug. 9, 2019). Presently before the court is Arms's motion to compel Milwaukee County to provide her with the personnel files for "potential witnesses, comparators, or individuals about whom Arms may be able to develop similar acts evidence." (ECF No. 30 at 2.) Milwaukee County opposes the motion.

Federal Rule of Civil Procedure 16(b)(1) states:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"A party seeking discovery may move for an order compelling … production … if … a party fails to produce documents …." Fed. R. Civ. P. 37(a)(3)(B).

"[P]rovision of personnel folders 'may infringe on the privacy interests of non-parties. While it is true that no privilege exists to protect personnel files, courts recognize that such information is sensitive, and that they should weigh the value of the information sought against the burden of providing it.'" *Balderas v. Target Corp.*, No. 2:17-CV-270-JEM, 2019 U.S. Dist. LEXIS 52333, at *3-4 (N.D. Ind. Mar. 27, 2019) (quoting *Doyle v. City of Chicago*, 943 F. Supp. 2d 815, 828 (N.D. Ill. 2013)). Thus, "courts have broad discretion to limit a request for the discovery of personnel files, in order to prevent the dissemination of personal or confidential information about employees." *Brunker v. Schwan's Home Serv.*, 583 F.3d 1004, 1010 (7th Cir. 2009) (citing *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003)). "The court should consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truth-seeking function' in the particular case before the court." *Id.* (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)).

Arms's contention that "[c]ounty personnel files are available through Wisconsin's Open Records Law" does not alter the court's analysis, which is governed

2
Case 2:18-cv-01835-WED   Filed 09/04/20   Page 2 of 5   Document 33

by federal law. But even Wisconsin's open records law also recognizes the sensitive nature of personnel records, and thus disclosure is not automatic. *Zellner v. Cedarburg Sch. Dist.*, 2007 WI 53, ¶50, 300 Wis. 2d 290, 315, 731 N.W.2d 240, 252; *Hempel v. City of Baraboo*, 2005 WI 120, ¶4, 284 Wis. 2d 162, 169, 699 N.W.2d 551, 555.

Arms seeks the personnel files of 16 people (down from the 38 originally sought), that she breaks down into three categories: (1) one person "who participated in the decision not to appoint Ms. Arms without competition, and … who participated in the decision-making that led to Ms. Arms's constructive discharge"; (2) ten people who "reported to Ms. Arms; some of them will be witnesses called by Ms. Arms, and some of them may be called to defend against what Ms. Arms's witnesses have to say"; and (3) five persons who "were Department Directors and thus are similarly situated to Ms. Arms." (ECF No. 30 at 2-3.)

Aside from the portions of her brief quoted above, Arms offers scant argument as to how the requested personnel files are relevant to her claim. As to Arms's first category—the record of a person who allegedly participated in certain relevant decisions—Arms offers no hint of what she might uncover in this person's file, much less that it is likely to be there or that it is relevant to this case. As to the second category, the fact that someone is a "potential witness" is not a sufficient basis for permitting Arms to rummage through confidential and sensitive records based on nothing but the hope that something relevant will be found.

Arms offers the most argument as to the third category—the alleged comparators. But her argument is simply that comparators may include persons other than the person who obtained the job the plaintiff sought (which is who Milwaukee County alleges is the only appropriate comparator). For present purposes, the court accepts that persons other than the individual Milwaukee County hired as the new Director of the Department of Aging may be appropriate comparators. But Arms has not demonstrated that the specific individuals whose personnel files she seeks are proper comparators. Her only explanation as to why they are alleged comparators is that they "were Department Directors and thus are similarly situated to Ms. Arms." (ECF No. 30 at 3.) But Arms was *not* a Department Director. In fact, that is the reason for Arms's lawsuit—she was never hired as a Department Director. Thus, Arms has not shown that these persons are appropriate comparators.

Arms has not given any reason to believe that anything relevant is likely to be found in these files. Her request is based on only a hope or a wish to find something relevant. In other words, it is a classic fishing expedition. *See Bond v. Utreras*, No. 04 C 2617, 2006 U.S. Dist. LEXIS 10501, at *23 (N.D. Ill. Mar. 10, 2006). Given the privacy interests of non-parties that are implicated by disclosure of personnel files, the court will not compel disclosure of the files. Arms's motion to compel (ECF No. 30) is **denied**.

Pursuant to Fed. R. Civ. P. 37(a)(5)(B) the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to

4
Case 2:18-cv-01835-WED   Filed 09/04/20   Page 4 of 5   Document 33

pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Milwaukee County shall submit any request for its reasonable expenses no later than **September 11, 2020**. Arms shall respond no later than **September 18, 2020**.

    **SO ORDERED.**

Dated at Milwaukee, Wisconsin this 4th day of September, 2020.

                                                                         WILLIAM E. DUFFIN
                                                                         U.S. Magistrate Judge