UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONETTE ARMS,

    Plaintiff,

v.                                       Case No. 18-CV-1835

MILWAUKEE COUNTY
(Department on Aging),

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PETITION FOR ATTORNEY FEES**

    Plaintiff does not take issue with use of the lodestar method to determine the appropriate amount of attorney fees to be awarded by the court. However, as noted by the Defendant, the lodestar figure is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. Plaintiff does not dispute that $360.00 per hour for Attorney Stadler and $295.00 per hour for Attorney Sacks are reasonable hourly rates.

    Plaintiff does take issue with the number of hours reasonably expended by each attorney, however. Initially, we are hampered by Defendant's failure to actually identify how many hours are attributable to each attorney. From Exhibit 1, attached to Attorney Stadler's affidavit, and paragraphs 12-15 of that same affidavit, it appears that the hours and fees attributable to each attorney are as follows:

Attorney Sacks
8/23/2020    2.2
8/24/2020    2.5
8/26/2020    1.2
8/27/2020     .5
                    6.4 hours x $295/hour = $1,888

1

Attorney Stadler
8/20/2020     1.2
8/21/2020      .5
8/25/2020     1.2
8/26/2020      .8
              3.7 hours x $360/hour = $1,332

However, this only adds up to $3,220 in attorney fees ($1,888 + $1,332 = $3,220), not the $3,334.00 requested by Defendant.

Furthermore, Attorney Stadler's work on August 20, 2020, cannot be attributed to work on the motion to compel, as the motion was not filed until August 21, 2020. See Docket #30. Reduction for this time would reduce the amount of hours for Attorney Stadler from 3.7 to 2.5 hours, thus reducing the amount of fees for his time from $1,332 to $900 ((3.7 - 1.2 = 2.5) x $360/hour = $900); the total fees would then be $2,788 ($900 + $1,888 = $2,788).

Research on the issue of whether personnel files are discoverable was conducted by both parties prior to the filing of the motion to compel as part of the parties' attempts to reasonably address discovery disputes, as parties are obligated to do in attempts to avoid motions to compel. See Docket 30-4 and 30-7. Indeed, Defendant's own exhibit in support of its petition for fees indicates that such research was conducted prior to filing of the motion. See Docket 35-1. Thus, Attorney Sacks's legal research for opposition to the motion to compel on August 23, 2020, was duplicative. Because the Defendant used block billing for that entry, it makes sense to reduce Attorney Sacks's time by 1.2 hours on that date, as 1.2 hours is the amount of time Attorney Stadler billed for research regarding the discovery of personnel files on August 20, 2020. Thus, the number of hours expended by Attorney Sacks doing research in opposition to the motion to compel is reduced to 5.2 hours (6.4 – 1.2 = 5.2), which reduces the amount of fees for his time from $1,888 to $1,534 (5.2 x $295 = $1,534), which in turn reduces the fees for opposition to the motion to $2,434 ($900 + $1,534 = $2,434).

Without conceding that attorney fees in the amount of $2,434.00 are *actually* reasonable, Plaintiff requests that the court award no more than $2,434.00 in attorney fees to the Defendant for its opposition to the motion to compel, and further requests that the award of attorney fees not become final until this matter is concluded, either through trial to a jury or otherwise.

Dated September 18, 2020

s/ Brenda Lewison

Attorney Brenda Lewison
SBN:   1025079

Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Suite 1410
Milwaukee, WI  53203-1918
(414) 273-1040 x 14
(414) 273-4859 FAX
lewisonlaw@yahoo.com