UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JONETTE ARMS,**

**Plaintiff,**

v.                                   **Case No. 18-CV-1835**

**MILWAUKEE COUNTY,**

**Defendant.**

## ORDER

On September 4, 2020, the court denied Jonette Arms's motion to compel the production of the personnel files of 16 individuals. (ECF No. 33.) Pursuant to Fed. R. Civ. P. 37(a)(5)(B) the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Milwaukee County requests $3,334 in attorney fees incurred in opposing Arms's motion to compel. (ECF No. 34.)

Arms does not dispute the attorneys' claimed hourly rates of $360 per hour for Attorney Ronald S. Stadler and $295 per hour for Attorney Jonathan E. Sacks. The court also finds these hourly rates to be reasonable.

Arms calculates Milwaukee County's claimed attorney fees as totaling $3,220. However, Arms omitted the 0.4 of an hour that Attorney Sacks expended on September 4, 2020. (*Compare* ECF No. 35-1 *with* ECF No. 50 at 1.) But making this correction brings Milwaukee County's total to $3,338. The court can discern no basis for the four dollars less—the $3,334—that Milwaukee County claims, but the court accepts Milwaukee County's figure.

| Date | Attorney | Hours on Bill | Hours Claimed | Citation | Hourly Rate | Total |
|---|---|---|---|---|---|---|
| 8/20/2020 | Stadler | 1.2 | 1.2 | ECF No. 35-1 at 1 | $ 360 | $ 432.00 |
| 8/21/2020 | Stadler | 1.3 | 0.5 | ECF No. 35, ¶12 | $ 360 | $ 180.00 |
| 8/23/2020 | Sacks | 2.2 | 2.2 | ECF No. 35-1 at 1 | $ 295 | $ 649.00 |
| 8/24/2020 | Sacks | 3.3 | 2.5 | ECF No. 35, ¶13 | $ 295 | $ 737.50 |
| 8/25/2020 | Stadler | 1.2 | 1.2 | ECF No. 35-1 at 2 | $ 360 | $ 432.00 |
| 8/26/2020 | Stadler | 0.8 | 0.8 | ECF No. 35-1 at 2 | $ 360 | $ 288.00 |
| 8/26/2020 | Sacks | 7.8 | 1.2 | ECF No. 35, ¶14 | $ 295 | $ 354.00 |
| 8/27/2020 | Sacks | 1.3 | 0.5 | ECF No. 35, ¶15 | $ 295 | $ 147.50 |
| 9/4/2020 | Sacks | 0.4 | 0.4 | ECF No. 35-1 at 2 | $ 295 | $ 118.00 |
| **Total:** | | | | | | **$ 3,338.00** |

From there, Arms disputes the fees that Milwaukee County incurred on August 20, 2020, which was before Arms filed the motion to compel. Arms further argues that it is appropriate to reduce 1.2 hours from Sacks's time on August 23, 2020, as duplicative. (ECF No. 50 at 2.)

Time spent prior to the filing of a motion to compel is not categorically un-compensable Fed. R. Civ. P. 37(a)(5)(B). Having been advised that a motion to compel is forthcoming, a non-movant may reasonably get a head start on preparing its

2
Case 2:18-cv-01835-WED    Filed 09/21/20    Page 2 of 4    Document 55

response. However, time expended in the meet and confer process required prior to a motion to compel, *see* Civ. L.R. 37, is not compensable, even if it resulted in research that was put to use in a brief in opposition to a motion to compel.

The record before the court offers no reason to conclude that the time that Stadler expended on August 20, 2020, fell into the former rather than the latter category. The notation accompanying the billing entry is, "Research whether personnel files are discoverable. Draft response to plaintiff." (ECF No. 35-1 at 1.) It appears that the "response" referenced was a response to a letter that Arms sent to defense counsel prior to filing her motion to compel. (ECF No. 30-7.) This letter was a part of the preliminary efforts that parties must make in attempting to resolve discovery disputes before turning to the court. It was not part of Arms's motion. Consequently, Milwaukee County has failed to show that this entry for 1.2 hours was a "reasonable expense[] incurred in opposing the motion …."

As for Arms's other objection, the court finds no basis for concluding that any portion of Sacks's time was duplicative. Simply because two attorneys undertook the same sort of general research does not suggest that the two attorneys duplicated each other's efforts any more than a single attorney spending two hours doing research would suggest that his second hour was a duplication of his work in the first hour.

Accordingly, the following claimed hours are reasonable:

| Date | Attorney | Hours on Bill | Hours Claimed | Citation | Hourly Rate | Total |
|---|---|---|---|---|---|---|
| 8/21/2020 | Stadler | 1.3 | 0.5 | ECF No. 35, ¶12 | $ 360 | $ 180.00 |
| 8/23/2020 | Sacks | 2.2 | 2.2 | ECF No. 35-1 at 1 | $ 295 | $ 649.00 |
| 8/24/2020 | Sacks | 3.3 | 2.5 | ECF No. 35, ¶13 | $ 295 | $ 737.50 |
| 8/25/2020 | Stadler | 1.2 | 1.2 | ECF No. 35-1 at 2 | $ 360 | $ 432.00 |
| 8/26/2020 | Stadler | 0.8 | 0.8 | ECF No. 35-1 at 2 | $ 360 | $ 288.00 |
| 8/26/2020 | Sacks | 7.8 | 1.2 | ECF No. 35, ¶14 | $ 295 | $ 354.00 |
| 8/27/2020 | Sacks | 1.3 | 0.5 | ECF No. 35, ¶15 | $ 295 | $ 147.50 |
| 9/4/2020 | Sacks | 0.4 | 0.4 | ECF No. 35-1 at 2 | $ 295 | $ 118.00 |
| Total: | | | | | | $ 2,906.00 |

The court reduces this sum by $4.00 to reflect Milwaukee County's initial claim of $3,334.

**IT IS THEREFORE ORDERED** that Attorney Brenda L. Lewison shall pay to Milwaukee County the sum of **$2,902** no later than 14 days following dismissal or the entry of judgment in this action.

Dated at Milwaukee, Wisconsin this 21st day of September, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge